## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| CHRISTINA MOYER,<br><br>    Plaintiff,<br><br>v.<br><br>MICHAELS STORES INC.,<br><br>    Defendant. | **CLASS ACTION COMPLAINT** |

Plaintiff, Christina Moyer, individually and on behalf of herself and all other persons similarly situated, seek redress against Defendant Michaels Stores Inc. for breach of implied contract for failing to secure and safeguard customers' private financial information – including credit and debit card information – and JOHN DOES 1-1000 as follows;

### INTRODUCTION

1.    This action is brought to obtain redress for damages sustained by the Plaintiff and other members of the Class as a result of the failure of the Defendant Michaels Stores Inc. to maintain the security of private and confidential financial and personal information of Defendant's credit and debit card customers at its stores throughout the United States.

2.    Krebs on Security, a security industry blog, reported, "Multiple sources in the banking industry say they are tracking a pattern of fraud on cards that were all recently used at Michaels Stores Inc., an Irving, Texas-based arts-and-crafts retailer that maintains more than 1,250 stores across the United States."

3.       On January 25, 2014, Defendant released a statement that stated in part, "As you may have read in the news, data security attacks against retailers have become a major topic of concern. We recently learned of possible fraudulent activity on some U.S. payment cards that had been used at Michaels, suggesting we may have experienced a data security attack."

4.       Defendant also stated, "Throughout our 40-year history, our customers have always been our number one priority and we deeply regret any inconvenience this may cause. The privacy and security of our customers' information is of critical importance to us and we are focused on addressing this issue." However, Defendant failed to disclose in that statement that during its history, "In May 2011, Michaels disclosed that crooks had physically tampered with some point-of-sale devices at store registers in some Chicago locations, although further investigation revealed compromised POS devices in stores across the country, from Washington, D.C. to the West Coast."[1]

5.       As a result of this breach of security, Class members' debit cards and credit cards were exposed; Plaintiff and Class members were required to expend time, energy and expense to address and resolve these financial disruptions and mitigate the consequences by purchasing credit monitoring and/or identity theft protection; and they suffered consequent emotional distress and their credit and debit card information is at an increased risk of theft and unauthorized use.

6.       This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. §1332(d), because the amount in controversy exceeds $5 million, at least one

---

[1] http://krebsonsecurity.com

Plaintiff has citizenship diverse from the Defendant, and there are more than 100 class members.

7. Venue is proper in this Court under 28 U.S.C. §1391 because Defendant operates stores within this District and the conduct of the Defendant upon which the Plaintiff's claims are based occurred primarily within this District.

## PARTIES

8. Plaintiff, Christina Moyer, is a resident of Illinois and a Michaels Store shopper.

9. Defendant Michaels Stores Inc. is a Delaware corporation with its principal place of business in Texas. Defendant owns and operates stores throughout the United States including in Illinois in this District.

10. JOHN DOES 1-1000 are unknown parties liable for damages caused by the data breach.

## FACTS

11. During the Class Period, Defendant failed to adequately safeguard and protect the private and confidential debit card and credit card information of Plaintiff and Class members, so that wrongdoers were able to obtain access to such data within Defendant's information technology systems or in the course of transmission of the data to financial institutions.

12. Lack of adequate security in Defendant's information technology systems enabled the wrongdoers to penetrate Defendant's data system.

13. Defendant did not adequately monitor their information technology system for the presence of intruders in a manner that would enable them to detect

this intrusion, so that the breach of security and diversion of customer information was able to continue unnoticed for a period of time. This was an act which harmed Plaintiff and Class members by increasing the risk of future harm that Plaintiff and Class members would have otherwise faced, absent the Defendant's action.

14. Plaintiff shopped at one of Defendant's store and has suffered present damages that are meant to mitigate the increased risk of future harm caused by Defendant's inadequate security and breach of implied contract. Plaintiff took actions to mitigate harm by paying for credit monitoring protection.

## CLASS ACTION ALLEGATIONS

15. Plaintiff brings this action pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3) on behalf on themselves and all other persons similarly situated. The Class consists of all persons or entities anywhere in the United States, who made purchases using a credit or debit card at stores owned or operated by Defendant prior to January 25, 2014.

16. The exact number of Class members and their identities are unknown at this time. However, since Defendant operates over 1,250 stores, the Class members are so numerous that joinder of all individual Class Members is impracticable.

17. Questions of law and fact common to all Class members predominate over any questions affecting only individual members, including the following:

A. Whether Defendant breached implied contracts with Class members by failing properly to safeguard their private and confidential financial and personal data. See *Anderson v. Hannaford Bros. Co.*, 659 F.3d 151 (1st Cir. 2011).

B.  Whether Defendant should compensate Plaintiff and class members for damages for the increased risk of future harm and costs expended to mitigate harm. See *Anderson v. Hannaford Bros. Co.*, 659 F.3d 151, 163 (1st Cir. 2011) citing to *Toledo P. & W. Ry. v. Metro Waste Sys.,* 59 F.3d 637 (7th Cir. 1995).

18.  Plaintiff's claim is typical of the claims of all Class members, because all such claims arise from the same set of facts regarding Defendant's breach of implied contract and its failures to protect Class members' private and confidential financial and personal data.

19.  Plaintiff is committed to the vigorous prosecution of this action and has retained counsel with class action experience for the prosecution of this case.

20.  Plaintiff has no interest that is antagonistic to the interests of other class members.

21.  This class action is superior to other available methods for fairly and efficiently adjudicating Class members' claims because:

A.  The class is readily definable and prosecution of this action as a class action will eliminate the possibility of repetitious litigation, while also providing redress for claims that may be too small to support the expense of individual cases;

B.  The prosecution of separate actions by individual Class members would create a risk of inconsistent or varying adjudications, which could establish incompatible standards of conduct for the Defendant or allow some Class members' claims to affect adversely other Class members' abilities to protect their interests;

## COUNT I – BREACH OF IMPLIED CONTRACT

22.  Plaintiff incorporates allegations in paragraphs 1 through 21 herein.

23.     When Plaintiff confided private and confidential debit card and credit card information to Defendant in order to make purchases at Defendant's stores, Plaintiff and Class members entered into implied contracts with Defendant under which Defendant agreed to safeguard and protect all such information.

24.     Plaintiff and Class members would not have entrusted their private and confidential financial and personal information to Defendant in the absence of such an implied contract with Defendant.

25.     Defendant breached the implied contracts it had made with Plaintiff and Class members by failing to safeguard such information.

26.     The damages sustained by Plaintiff and Class members as described above were the direct and proximate result of Defendant's breaches of these implied contracts.

## COUNT II
## DECLARATORY JUDGMENT ACT

27.     Plaintiff seeks a declaration that Defendant has breached an implied contract between it and Plaintiff and Class members by allowing unauthorized third-parties to access personal financial data.

28.     Plaintiff seeks a declaration that Defendant be ordered to compensate Plaintiff and Class Members to pay for all damages, pay for mitigation in the form of credit monitoring and identity theft insurance and also be ordered to indemnify Plaintiff and Class members for future harm.

## **JURY DEMAND**

Plaintiff demands a trial by jury.

**PRAYER FOR RELIEF**

Plaintiff prays for the following relief:

a.  Judgment against Defendant for damages;

b.  Declaratory Relief;

c.  Costs of the lawsuit;

d.  For such other legal and/or equitable relief as the Court deems appropriate.

                RESPECTFULLY SUBMITTED,

                Hyslip & Taylor, LLC

                By:   s/ Mark T. Lavery
                    One of Plaintiff's Attorneys

Mark T. Lavery
Hyslip & Taylor LLC LPA
917 W. 18th Street, Suite 200
Chicago, IL 60608
312-508-5480
Mark@lifetimedebtsolutions.com


Christopher V. Langone
207 Texas Lane
Ithaca, NY 14850
607-592-2661