IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHRISTINA MOYER, ) | |
| ) | |
| Plaintiff, ) | Case No. 14-cv-561 |
| ) | |
| v. ) | Hon. Elaine Bucklo |
| ) | |
| MICHAELS STORES, INC., ) | Magistrate Judge Sidney I. Schenkier |
| ) | |
| Defendant. ) | |
| NANCY MAIZE and JESSICA GORDON, ) individually and on behalf of all others ) similarly situated, ) | Case No. 14-cv-1229 |
| ) | |
| Plaintiffs, ) | Hon. John J. Tharp |
| ) | |
| v. ) | Magistrate Judge Mary M. Rowland |
| ) | |
| MICHAELS STORES, INC., a Delaware ) corporation, ) | |
| ) | |
| Defendant. ) | |

## PLAINTIFFS' MOTION TO CONSOLIDATE OR REASSIGN AS RELATED

Pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, Plaintiffs Nancy Maize and Jessica Gordon ("Plaintiffs") respectfully move for this Court to consolidate *Nancy Maize and Jessica Gordon v. Michaels Stores, Inc.*, No. 14-cv-1229 (N.D. Ill.) (Tharp, J.) ("Maize Action") (a true and correct copy of the Complaint in the Maize Action is attached hereto as Exhibit 1) with the previously filed *Moyer v. Michaels Stores, Inc.*, No. 14-cv-561 (N.D. Ill.) ("Moyer Action") (collectively, "the Actions"). (A true and correct copy of the Complaint in the Moyer Action is attached as Exhibit 2.) In the alternative, Plaintiffs respectfully request the Maize Action to be reassigned and related to this Court pursuant to Local Rule 40.4. In support of its motion, Plaintiffs state the following:

**PROCEDURAL BACKGROUND**

On January 27, 2014, an action was filed against Defendant Michaels Stores, Inc. ("Michaels" or "Defendant"), which is pending before this Court. (Moyer Action, Docket No. 1.)

On January 29, 2014, a similar action was filed against the same Defendant: *Gouwens v. Michaels Stores, Inc.*, No. 14-cv-648 (N.D. Ill.) (Chang, E.) (the "Gouwens Action," Docket No. 1). The plaintiffs in the Gouwens Action then filed a Motion for Reassignment Based on Relatedness, which is now pending before this Court. (Moyer Action, Docket No. 16.) The Motion for Reassignment is due for presentment before this Court on April 16, 2014. (*Id.*, Docket No. 24.)

On February 21, 2014, a similar action, asserting substantially the same claims on behalf of the same proposed putative Class, was filed by the undersigned counsel. (Maize Action, Docket No. 1.) In the interests of convenience and judicial efficiency, Plaintiffs now seek to consolidate the Maize Action with the Moyer Action, or in the alternative, reassign the Maize Action to this Court.

**ARGUMENT**

**I.     This Court Should Consolidate the Actions.**

The Actions should be consolidated pursuant to Rule 42(a), which provides:

> (a) If actions before the court involve a common question of law or fact, the court may:
>
> (1)   join for hearing or trial any or all matters at issue in the actions;
>
> (2)   consolidate the actions; or
>
> (3)   issue any other orders to avoid unnecessary cost or delay.

Fed. R. Civ. P. 42(a).

"The question of whether to grant consolidation is a matter of discretion for the trial court." *Sylverne v. Data Search N.Y., Inc.*, 2008 WL 4686163, at *1 (N.D. Ill. May 28, 2008) (citing *U.S. v. Knauer*, 149 F.2d 519, 519-520 (7th Cir. 1945); *In re Nuveen Fund Litigation*, 1994 WL 505294 at *2 (N.D. Ill. 1994)). When deciding whether to consolidate cases, a court should consider whether consolidation would: (1) promote convenience and judicial economy, and (2) cause prejudice to any party. *Sylverne*, 2008 WL 4686163 at *1 (citing *Ikerd v. Lapworth*, 435 F.2d 197, 204 (7th Cir. 1970); *Knauer*, 149 F.2d at 520; *Nuveen*, 1994 WL 505294 at *2). Consolidation only requires the existence of a common question of law or fact. *In re Hearthside Baking Co., Inc.*, 391 B.R. 807, 819-20 (Bankr. N.D. Ill. 2008).

Here, consolidating the Actions would promote convenience and judicial economy. The Maize Action asserts the *same* claims against the *same* defendant over the *same* facts that are already at issue in the Moyer Action, which is currently pending before this Court. Both claims arise out of a data breach in which customers' credit and debit card data was stolen from Michaels' systems. In addition, both Complaints allege that Michaels failed to secure and safeguard its customers' personal financial data, including credit and debit card information.

While the Actions are not identical, they are substantially similar. Both include a claim for breach of implied contract. The Moyer Action contains a second claim for declaratory judgment, while the Maize Action includes one additional count for a violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2 *et seq.* ("ICFA"). Nevertheless, the respective Complaints contain substantially similar allegations, are brought on behalf of a substantially similar class, and seek substantially similar relief.

Both Complaints arise out of Michaels' failure to adequately protect customers' personal financial information. Both Complaints allege that Michaels had security failures. (Ex. 1, ¶¶ 3-4,

16-17; Ex. 2, ¶¶ 11-13.) Both Complaints allege that their respective Plaintiffs' personal financial information was compromised in the breach. (Ex. 1 ¶ 10-11, 29; Ex. 2, ¶¶ 5, 11, 14.) As such, there are common questions of fact for both Actions.

Although the Complaints' Class definitions are not identical, they are substantially similar. The Maize Action seeks to certify the following three alternative Classes:

> All persons residing in the United States who made an in-store purchase at a Michaels store using a debit or credit card at any time from November 1, 2013 through January 25, 2014 (the "National Class").
>
> All persons residing in one of the Consumer Fraud States[1] who made an in-store purchase at a Michaels store using a debit or credit card at any time from November 1, 2013 through January 25, 2014 (the "Consumer Fraud Multistate Class").
>
> All persons residing in the State of Illinois who made an in-store purchase at a Michaels store using a debit or credit card at any time from November 1, 2013 through January 25, 2014 (the "Illinois State Class").

(Ex. 1, ¶¶ 33-35.)

The Moyer Action seeks to certify a Class consisting of:

---

[1] The States that have similar consumer fraud laws based on the facts of this case are: Arkansas (Ark. Code § 4-88-101, *et seq.*); California (Cal. Bus. & Prof. Code §17200, *et seq.* and Cal. Civil Code § 1750, *et seq.*); Colorado (Colo. Rev. Stat. § 6-1-101, *et seq.*); Connecticut (Conn. Gen. Stat. § 42-110, *et seq.*); Delaware (Del. Code tit. 6, § 2511, *et seq.*); District of Columbia (D.C. Code § 28-3901, *et seq.*); Florida (Fla. Stat. § 501.201, *et seq.*); Hawaii (Haw. Rev. Stat. § 480-1, *et seq.*); Idaho (Idaho Code § 48-601, *et seq.*); Illinois (815 ICLS § 505/1, *et seq.*); Maine (Me. Rev. Stat. tit. 5 § 205-A, *et seq.*); Massachusetts (Mass. Gen. Laws Ch. 93A, *et seq.*); Michigan (Mich. Comp. Laws § 445.901, *et seq.*); Minnesota (Minn. Stat. § 325F.67, *et seq.*); Missouri (Mo. Rev. Stat. § 407.010, *et seq.*); Montana (Mo. Code. § 30-14-101, *et seq.*); Nebraska (Neb. Rev. Stat. § 59-1601, *et seq.*); Nevada (Nev. Rev. Stat. § 598.0915, *et seq.*); New Hampshire (N.H. Rev. Stat. § 358-A:1, *et seq.*); New Jersey (N.J. Stat. § 56:8-1, *et seq.*); New Mexico (N.M. Stat. § 57-12-1, *et seq.*); New York (N.Y. Gen. Bus. Law § 349,*et seq.*); North Dakota (N.D. Cent. Code § 51-15-01, *et seq.*); Oklahoma (Okla. Stat. tit. 15, § 751, *et seq.*); Oregon (Or. Rev. Stat. § 646.605, *et seq.*); Rhode Island (R.I. Gen. Laws § 6-13.1-1, *et seq.*); South Dakota (S.D. Code Laws § 37-24-1, *et seq.*); Virginia (VA Code § 59.1-196, *et seq.*); Vermont (Vt. Stat. tit. 9, § 2451, *et seq.*); Washington (Wash. Rev. Code § 19.86.010,  *et seq.*); West Virginia (W. Va. Code § 46A-6-101, *et seq.*); and Wisconsin (Wis. Stat. § 100.18, *et seq.*).

> All persons or entities anywhere in the United States, who made purchases using a credit or debit card at stores owned or operated by Defendant prior to January 25, 2014.

(Ex. 2, ¶¶ 15.)

Although worded differently, the Class definitions in both Actions include individuals who allege that they made purchases at Michaels prior to January 25, 2014. Thus, there are common questions of fact concerning the number of Class members who are in the putative Class. Moreover, there are common questions concerning the amount of damages among those Class members.

Most importantly, consolidation is likely to result in a substantial savings of judicial time and effort, as both Actions are subject to disposition in a single proceeding. As the Actions involve common questions of law and fact, discovery in the Actions will be substantially similar. Resolution of both the Actions will turn on whether: (1) Michaels failed to use reasonable care and commercially reasonable methods to secure and safeguard customers' financial information; (2) Michaels properly implemented its purported security measures to protect customers' financial information from unauthorized capture, dissemination, and misuse; (3) Plaintiffs and the Class are entitled to actual, statutory, or other forms of damages, and other monetary relief, and, if so, in what amount(s); (4) Michaels' conduct constitutes a breach of implied contract; and (5) Plaintiffs and the Class are entitled to equitable relief, including but not limited to injunctive relief and restitution.

Because the Actions assert substantially similar claims against the same defendant arising out of the same facts, the Court should consolidate the Actions.

**II.     In the Alternative, this Court Should Reassign the Maize Action as Related to the Moyer Action.**

Should this Court decline to consolidate the Actions, it should nevertheless reassign the Maize Action because it is related to the Moyer Action. Local Rule 40.4(a) for the Northern District of Illinois provides that:

> (a) Two or more civil cases may be related if one or more of the following conditions are met:
>
> (1)   the cases involve the same property;
>
> (2)   the cases involve some of the same issues of fact or law;
>
> (3)   the cases grow out of the same transaction or occurrence; or
>
> (4)   in class action suits, one or more of the classes involved in the cases is or are the same.

N.D. Ill. Local R. 40.4(a).

While only one condition is required to be satisfied, Subsections (2), (3), and (4) are clearly met here. As described above, the Actions involved the same issues of fact and law, thereby satisfying Subsection (2). Furthermore, both Actions arise out of the same security breach. Therefore, Subsection (3) is satisfied. In addition, the classes are essentially the same.[2] Both Class definitions include individuals who allege that they made purchases at Michaels prior to January 25, 2014, thus satisfying Subsection (4). Accordingly, the requirements of Subsection (a) are met.

Similarly, the conditions for reassigning the case pursuant to Local Rule 40.4(b) are met here. Local Rule 40.4(b) provides:

---

[2] *See supra* Section I (discussing the class definitions).

    (a) A case may be reassigned to the calendar of another judge if it is found to be related to an earlier-numbered case assigned to that judge and each of the following criteria is met:

        (1)    both cases are pending in this Court;

        (2)    the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort;

        (3)    the earlier case has not progressed to the point where designating a later filed case as related would be likely to delay the proceedings in the earlier case substantially; and

        (4)    the cases are susceptible of disposition in a single proceeding.

N.D. Ill. Local R. 40.4(b).

All the criteria of Rule 40.4(b) are satisfied. Both Actions are pending in the Northern District of Illinois Eastern Division, thus meeting Subsection (1). Likewise, Subsection (2) is satisfied because both Actions share common issues of fact and law. Discovery will be streamlined and non-duplicative. In addition, the Actions will not be subject to inconsistent rulings, and thus the handling of both Actions by the same judge is "likely to result in a substantial saving of judicial time and effort." Local Rule 40.4(b)(2). Subsection (3) is also satisfied because Michaels has not yet filed an Answer, and thus the Moyer Action has not progressed to a point where its proceedings would likely be delayed. Finally, as discussed above, the Actions are susceptible to a single proceeding, thus meeting the requirement of Subsection (4).

Because the criteria of Local Rule 40.4(b) are satisfied, the Court should reassign the case as related.

**CONCLUSION**

WHEREFORE, Plaintiffs Nancy Maize and Jessica Gordon, on their own behalf and on behalf of the proposed Class, respectfully request that the Court enter an Order:

A. Consolidating the Maize Action with the Moyer Action pursuant to Rule 42(a) of the Federal Rules of Civil Procedure; or

B. In the alternative, reassigning the Maize Action to this Court pursuant to Local Rule 40.4;

C. Granting Defendant fourteen (14) days after ruling on the Motion to Consolidate or Reassign as Related to answer or otherwise plead to Plaintiffs' Complaint; and

D. Providing all other and further relief that the Court deems equitable and just.

Dated: March 11, 2014

Respectfully submitted,

NANCY MAIZE and JESSICA GORDON, individually and on behalf of all others similarly situated

By: _____
One of the Attorneys for Plaintiffs
And the Proposed Putative Class

Joseph J. Siprut
*jsiprut@siprut.com*
Melanie K. Nelson
*mnelson@siprut.com*
Gregg M. Barbakoff
*gbarbakoff@siprut.com*
Gregory W. Jones
*gjones@siprut.com*
SIPRUT PC
17 N. State Street
Suite 1600
Chicago, Illinois 60602
312.236.0000
Fax: 312.267.1906

## CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that the foregoing **Plaintiffs' Motion To Consolidate Or Reassign As Related** was filed electronically with the Clerk of the Court using the CM/ECF system on March 11, 2014, and served electronically on:

<u>Plaintiff's Counsel of record in the Moyer Action:</u>

Mark T. Lavery
*mark@lifetimedebtsolutions.com*
**HYSLIP & TAYLOR**
917 W. Halsted
# 200
Chicago, Illinois 60608
312.380.6110

<u>Counsel for Defendants:</u>

Scott R. Lassar
*slassar@sidley.com*
Theodore R. Scarborough, Jr.
*tscarborouch@sidley.com*
**SIDLEY AUSTIN**
One South Dearborn Street
Chicago, Illinois 60603
312.853.7000

<u>Plaintiff's Counsel of record in the Gouwens Action:</u>

Daniel A. Edelman
*courtecl@edcombs.com*
Cathleen M. Combs
*ccombs@edcombs.com*
Dulijaza Clark
*jclark@edcombs.com*
James O. Latturner
*jlatturner@edcombs.com*
Rebecca A. Cohen
*rcohen@edcombs.com*
**EDELMAN, COMBS, LATTURNER & GOODWIN LLC**
120 S. LaSalle
Suite 1800
Chicago, Illinois 60603
312.739.4200
Fax: 312.419.0379

_____
Joseph J. Siprut

4845-7426-2041, v. 1