**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| CHRISTINA MOYER, et al., individually and on behalf of all others similarly situated, )<br><br>Plaintiffs. )<br><br>v. )<br><br>MICHAELS STORES, INC., )<br><br>Defendant. ) | )<br>)<br>)<br>) Case Nos. 14-CV-00561; 14-CV-00648; 14-<br>) CV-1229; 14-CV-1827 (consolidated)<br>)<br>) ECF<br>)<br>) Judge Elaine Bucklo<br>)<br>)<br>) |

**DEFENDANT MICHAELS STORES, INC.'S**
**MOTION TO DISMISS CONSOLIDATED CLASS ACTION COMPLAINT**

Defendant Michaels Stores Inc. ("Michaels"), by and through its attorneys, hereby moves to dismiss the complaint filed by plaintiffs Christina Moyer, Michael C. Gouwens, Jessica E. Gouwens, Nancy Maize, Daniel Ripes, and Mary Jane Whalen (collectively, "Plaintiffs") pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). In support of this motion, and as further explained in Michaels's Memorandum of Law In Support of Its Motion to Dismiss, filed contemporaneously herewith, Michaels states as follows:

1. Plaintiffs' Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of Article III standing because Plaintiffs have not pled, and cannot plead, that they have suffered an injury-in-fact. Plaintiffs have not alleged any present injury that is concrete, particularized, and actual or imminent. *See Clapper v. Amnesty Int'l*, 133 S. Ct. 1138, 1147 (2013). Nor have they alleged a future injury that is "certainly impending." *Id.* In fact, the allegations of harm made by Plaintiffs in this case are strikingly similar to those recently rejected as insufficient to confer standing by *both* Judge Tharp and Judge Darrah in similar data breach actions. *Strautins v. Trustwave Holdings, Inc.*, -- F. Supp. 2d --, 2014 WL 960816, at *1

(N.D. Ill. Mar. 12, 2014); *see also In re Barnes & Noble Pin Pad Litig.*, No. 12-cv-8617, 2013 WL 4759588 (N.D. Ill. Sept. 3, 2013). This Court should follow that precedent and likewise dismiss the Complaint.

  2. Alternatively, the Complaint should be dismissed because it fails to state a claim upon which relief can be granted. Plaintiffs' breach of implied contract claim lacks allegations of *any* financial loss purportedly resulting from the alleged breach. Absent allegations of that necessary element, the claim cannot survive. *See, e.g.*, *Pisciotta v. Old Nat'l Bancorp*, 499 F.3d 629 (7th Cir. 2007).

  3. Similarly, Plaintiffs' claim for violation of various state consumer fraud statutes also fails. Plaintiffs cannot show that an unfair or deceptive act occurred, that there was any materially misleading communication, that Michaels had the requisite state of mind, or that Plaintiffs sustained actual damages caused by the allegedly deceptive acts—all of which are required elements of Plaintiffs' consumer fraud claim. *See, e.g.*, *Toney v. Kinsch*, No. 10 C 06375, 2012 WL 567729, at *5 (N.D. Ill. Feb. 21, 2012).

  WHEREFORE, Michaels respectfully requests that the Court dismiss the Complaint for lack of standing pursuant to Federal Rule of Civil Procedure 12(b)(1), or, in the alternative, dismiss the Complaint for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), and grant Michaels any other relief that the Court deems just and appropriate

Dated: May 28, 2014

                            Respectfully submitted,

                            */s/Theodore R. Scarborough*

Scott Lassar
Theodore R. Scarborough
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, IL 60603
Ph: (312) 853-7000
Fax: (312) 853-7036
slassar@sidley.com
tscarborough@sidley.com

Edward Robert McNicholas (admitted *pro hac vice*)
SIDLEY AUSTIN LLP
1501 K Street, NW
Washington, DC 20005
Ph: (202) 736-8010
emcnicholas@sidley.com

*Attorneys for Michaels Stores, Inc.*

OF COUNSEL:
Michelle Hartmann
SIDLEY AUSTIN LLP
2001 Ross Avenue, Suite 3600
Dallas, Texas 75201
Ph: (214) 981-3300
Fax: (214) 981-3400
mhartmann@sidley.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this day, May 28, 2014, I electronically filed the above Motion to Dismiss Plaintiffs' Consolidated Class Action Complaint with the Clerk of the Court using the CM/ECF system, which will automatically send email notification of such filing to all attorneys of record.

                                                */s/ Theodore R. Scarborough*
                                                 Theodore R. Scarborough