IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CHRISTINA MOYER, *et al.*,      )
                                )
            Plaintiffs,         )
                                )
    v.                          )   No. 14 C 561
                                )
MICHAELS STORES, INC.,          )
                                )
            Defendant.          )

MEMORANDUM OPINION AND ORDER

Plaintiffs' motion under Rule 59(e) to alter or amend the judgment dismissing their class action complaint against Michaels Stores, Inc. ("Michaels") or to re-open the case so putative class member Mary Jane Whalen ("Ms. Whalen") can file an amended complaint is DENIED for the reasons stated below.

I.

On July 14, 2014, I dismissed Plaintiffs' consolidated class action complaint against Michaels for failure to state a claim upon which relief could be granted. *See* Dkt. No. 65.

Before addressing the legal sufficiency of Plaintiffs' allegations, I held that Ms. Whalen--who was not a named plaintiff in any of the four consolidated cases, whose name did not appear in the caption of the consolidated complaint, and on behalf of whom no attorney had filed an appearance--was a member

1

of the putative class rather than a plaintiff in this case. *Id.* at § II.

Plaintiffs did not seek leave to amend their complaint in the event that it failed to state a claim, so I entered judgment in favor of Michaels. *See* Dkt. No. 66.

II.

Plaintiffs have now filed a motion under Rule 59(e) in which they ask me to reconsider my holding that Ms. Whalen was only a putative class member at the motion to dismiss stage. *See* Dkt. No. 67. Alternatively, Plaintiffs ask me to re-open this case so Ms. Whalen can file an amended complaint.

"To prevail on a Rule 59(e) motion to amend judgment, a party must clearly establish (1) that the [district] court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment." *Blue v. Hartford Life and Accident Ins. Co.*, 698 F.3d 587, 598 (7th Cir. 2012) (internal quotation omitted). "A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000).

A.

The caption of a complaint "must name all the parties" while other pleadings may name only the first party on each side

and refer to the other parties generally.  Fed. R. Civ. P. 10(a).  The consolidated complaint did not list Ms. Whalen's name in the caption, so I did not commit a manifest error of law in concluding that she was not a party to the case.  Indeed, the caption of a complaint is "entitled to considerable weight when determining who the plaintiffs to a suit are since plaintiffs draft complaints."  *Williams v. Bradshaw*, 459 F.3d 846, 849 (8th Cir. 2006); *see also Pride v. Venango River Corp.* 916 F.2d 1250 (7th Cir. 1990) (dismissing case for failure to strictly comply with Fed. R. App. P. 3(c), which at the time required notice of appeal to name all parties taking the appeal, even though there was no "actual confusion" about the intended appellants).[1]

B.

The sequence of events in this case also shows why I did not commit a manifest error of law in concluding that Ms. Whalen was only a putative class member at the motion to dismiss stage.

1.

Ms. Whalen filed a data breach suit against Michaels in the Eastern District of New York on March 18, 2014.  *See Whalen v. Michaels Stores, Inc.*, No. 14 C 1756 (E.D.N.Y.).  She voluntarily dismissed her case on April 11, 2014.  Since then, Ms. Whalen has not re-filed her suit in another district or

---

[1] *Cf. Whitley v. U.S. Air Force*, 932 F.2d 971, *1 (7th Cir. 1991) ("[T]his court has...looked beyond the caption to determine the *defendants* in a case." (emphasis added)).

3

moved to intervene in this consolidated case or any of its antecedents.[2]

On April 16, 2014, five days after Ms. Whalen voluntarily dismissed her suit against Michaels, Plaintiffs appeared before me for a hearing on various motions to reassign and consolidate the four data breach cases filed against Michaels in this district. *See Moyer v. Michaels Stores, Inc.*, No. 14 C 561 (N.D. Ill.) (filed on Jan. 27, 2014); *Gouwens et al. v. Michaels Stores, Inc.*, No. 14 C 648 (N.D. Ill.) (filed on January 29, 2014); *Maize et al. v. Michaels Stores, Inc.*, No. 14 C 1299 (N.D. Ill.) (filed on Feb. 21, 2014); *Ripes v. Michaels Stores, Inc.*, 14 C 1827 (N.D. Ill.) (filed on Mar. 14, 2014).

Without ordering, attaching, or citing the transcript from the April 16 hearing, Plaintiffs make the following assertions about what transpired that day:

> During that hearing, Plaintiffs' counsel advised the Court that the New York matter was pending but that Plaintiffs had reached an agreement to proceed in this District and that the New York action would be voluntarily dismissed. *Counsel for Whalen was present and appeared before the Court at the April 16, 2014 hearing.*

Dkt. No. 67 at 8 (emphasis in original).

---

[2] In noting that Ms. Whalen has not intervened, I am not suggesting that a Rule 24 motion was the only way for her to become a named plaintiff in the consolidated complaint. Plaintiffs' error was failing to join her as a party under Fed. R. Civ. P. 20(a)(1) by naming her in the caption.

4

The transcript from the April 16 hearing does not support any of Plaintiffs' assertions. No attorney announced an appearance on behalf Ms. Whalen at the hearing. Indeed, Ms. Whalen's name does not appear anywhere in the transcript. Defendant's counsel referred to her only indirectly in reporting that an action in the Eastern District of New York had been voluntarily dismissed on April 11. Tr. at 3:19-21; 4:18-23.

After granting the motions to reassign and consolidate the four cases filed in this district, I gave Plaintiffs three weeks to file a consolidated complaint. Tr. at 6:23-7:3. Plaintiffs' counsel did not say that Ms. Whalen would be joined as an additional plaintiff in the consolidated complaint.

In short, Plaintiffs never mentioned Ms. Whalen's name at the April 16 hearing, represented that her suit was still pending in New York (which would have been untruthful), or said anything about Ms. Whalen agreeing to proceed in this district. Their assertions to the contrary have no support in the record.[3]

2.

On May 7, 2014, three weeks after the hearing at which Ms. Whalen's name was never mentioned, Plaintiffs filed a consolidated class action complaint on behalf of Christina

---

[3] *See* Ill. R. of Professional Conduct 3.3(a)(1) ("A lawyer shall not knowingly make a false statement of fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer.").

5

Moyer, Michael and Jessica Gouwens, Nancy Maize, and Daniel Ripes.  *See* Dkt. No. 47.  The caption of this consolidated complaint lists the four data breach cases that I had consolidated on April 16.  Neither Ms. Whalen's name nor the case number from her voluntarily dismissed suit in the Eastern District of New York appeared in the caption.  However, the first sentence and Paragraph 15 of the complaint identify Ms. Whalen as a "Plaintiff."  The only other reference to Ms. Whalen in the consolidated complaint is in the signature line.  Apparently all attorneys on the "Plaintiffs' Executive Committee" purported to represent her even though no attorney had filed an appearance on her behalf.

Plaintiffs say that their failure "to inform...this Court that Ms. Whalen was intended to be a named Plaintiff in this case was totally inadvertent and should not be fatal to the merits of [her purported] claim."  Dkt. No. 67 at 6.  Rule 59(e) "does not provide a vehicle for a party to undo its own procedural failures."  *See Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996).  Moreover, because I did not reach the merits of any claim Ms. Whalen might have against Michaels, nothing legally "fatal" has happened to her.  Ms. Whalen voluntarily dismissed her suit against Michaels and remains free to re-file it.  *See* Fed. R. Civ. P. 41(a)(1)(B) ("Unless the

6

notice or stipulation states otherwise, [a voluntary] dismissal is without prejudice.").

Plaintiffs have also attempted to explain their failure to list Ms. Whalen in the caption of the consolidated complaint as somehow related to their contemporaneously filed motion to change the case caption: "Although it is true that Whalen was technically not listed in the caption to the Complaint, that is because Plaintiffs had meanwhile filed a Motion to Change the Case Caption of this case to an "*In re*" designation." Dkt. No. 67 at 8. Plaintiffs' motion to change the case caption did not mention Ms. Whalen's name or suggest that she would be one of the plaintiffs included in their proposed "*In re*" designation. Moreover, I rejected the proposed "*In re*" caption because it did not comply with Rule 10(a). *See* Dkt. No. 56. After this ruling on May 30, 2014, Plaintiffs had no reasonable basis to think that the caption of their consolidated complaint would not be controlling as to the identity of the named plaintiffs.

In sum, Plaintiffs did not inform me that they intended to join Ms. Whalen as a party at the April 16 status hearing. Ms. Whalen's name appeared out of the blue for the first time in the body of the consolidated complaint. Her name did not appear anywhere on the docket because she had not been properly joined as a party and no attorney had filed an appearance on her behalf. Under these circumstances, I did not commit a manifest

7

error of law in concluding Ms. Whalen was not a plaintiff in this action.

C.

As an alternative to reconsideration of my holding with respect to Ms. Whalen, Plaintiffs have asked me to re-open this case so she can file an amended complaint as the sole class representative. She would assert claims, they say, for breach of an implied contract to protect her credit card information and violation of New York's consumer fraud statute.

Plaintiffs' request to amend their complaint after the entry of judgment is subject to Rule 59(e)'s demanding standards rather than Rule 15(a)'s command that "court[s] should freely give leave when justice so requires":

> [O]nce a final judgment has been entered, the normal right to amend once as a matter of course under [Rule] 15(a) is extinguished. What the aggrieved party must do, instead, is to file a motion under Rule 59(e) seeking relief from the judgment, and, if it believes that the deficiencies the court has identified can be cured through an amended complaint, it must proffer that document to the court in support of its motion. Even if the party does this, it has a hard row to hoe, because normally Rule 59(e) motions may not be used to cure defects that could have been addressed earlier. The party must instead point either to an error of law or to newly discovered evidence.

*Fannon v. Guidant Corporation*, 583 F.3d 995, 1002 (7th Cir. 2009) (internal citations omitted).

The facts relating to Ms. Whalen are not newly discovered evidence. Moreover, Plaintiffs easily could have cured the

defect in their consolidated complaint that they now seek to remedy through a Rule 59(e) motion. Added to these problems is Plaintiffs' attempt to excuse their procedural errors by misrepresenting the record from the April 16 hearing. In light of these factors, I deny their request to re-open this case so Ms. Whalen can file an amended complaint asserting claims under New York law. I take no position on the merits any claim(s) Ms. Whalen might assert against Michaels in a future case.

III.

Plaintiffs' motion to alter or amended the judgment dismissing their case is DENIED for the reasons stated above.

**ENTER ORDER:**

_____
**Elaine E. Bucklo**
United States District Judge

Dated: October 14, 2014